■ Pecker Iron Works, Inc., Appellant, v Namasco Corporation et al., Defendants, and A Living Memorial to the Holocaust: Museum of Jewish Heritage, Respondent. [830 NYS2d 548]—

Order, Supreme Court, New York County (Ronald A. Zweibel, J.), entered June 7, 2005, which, in an action by a contractor for, inter alia, breach of various construction contracts, insofar as appealed from as limited by the briefs, granted defendant-respondent site owner's (defendant) postanswer motion to

dismiss the complaint as against it for noncompliance with CPLR 306-b, unanimously affirmed, with costs.

On appeal, plaintiff argues that its request for a CPLR 306-b interest-of-justice extension of time to serve the summons and complaint on defendant should have been granted because the action is meritorious, the one-year limitations period provided in the subject contract had expired, and defendant was not prejudiced by plaintiff's nearly 15-month delay in attempting service. In the latter regard, plaintiff relies on correspondence from defendant and its claims experts showing that they were apprised of and had evaluated plaintiff's claims during the two months prior to plaintiff's filing of the summons and complaint. While defendant did not claim prejudice in its motion to dismiss, we nevertheless affirm the dismissal of the complaint given no explanation for the failure to attempt timely service and the subsequent long delay, and where it is clear that the parties intended a quick resolution of claims, as indicated by the one-year contractual limitations period, which, it appears, began to run upon substantial completion of the work some 10 or 11 months before the action was filed (*see Slate v Schiavone Constr. Co.*, 4 NY3d 816, 817 [2005] [interest-of-justice extension an abuse of discretion in view of the "extreme" lack of diligence and long delay]). Although defendant and its experts reviewed plaintiff's claims for payment in the months before the action was filed, advising plaintiff in fair detail of the claims it was rejecting, there is no evidence of follow-up correspondence from plaintiff further limiting the dispute, and no evidence that defendant knew of the action during the delay or of the particular claims raised therein. In addition, plaintiff's affidavit of merit is conclusory, and the merit of its claims for unpaid work and extras, over and above defendant's counterclaim seeking damages for failure to timely perform, is not apparent. Concur—Andrias, J.P., Friedman, Sullivan, Williams and Catterson, JJ.